UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VALONTE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02361-JPH-KMB |
| | ) | |
| CENTURION HEALTH SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Plaintiff Valonte Smith is a former prisoner. At all relevant times he was incarcerated at New Castle Correctional Facility. He filed this civil action on November 17, 2025. The complaint was screened and dismissed for failure to state a claim. Dkt. 15. Mr. Smith was given an opportunity to file an amended complaint, and he has done so. Dkt. 16. Because the plaintiff was a "prisoner" when he filed his amended complaint, this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Complaint**

The Court accepts Mr. Smith's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

The amended complaint names the following defendants: 1) Centurion Health of Indiana, LLC ("Centurion"); 2) Nurse S. Jacobs; 3) NP Johnson; 4) Marrissa Runyan, Health Services Administrator; 5) Dr. Eric Falconer; 6) Dr. Steven Rapport; and 7) Dr. Jason Carter. Dkt. 16 at 3, 7, 9. For relief, Mr. Smith seeks compensatory and punitive damages.

Mr. Smith alleges that from July 2023, through July 2026, he suffered pain in his leg, hip, neck, and head. When he arrived at New Castle in July 2023, Nurses Jacobs, NP Johnson, and Ms. Runyan were made aware of his pain. Dkt. 16 at 3. A nurse referred him to a doctor, but he was never seen. *Id.* at 4. He requested medical treatment but was refused care. *Id.* at 3. Defendants Runyan,

Falconer, Rapport, and Carter knew that Mr. Smith had serious injuries but failed to treat him for a period of two and a half years. *Id.* at 7-8. Centurion has a policy and practice of ignoring inmates' serious medical needs. *Id.* at 3.

**III. Discussion of Claims**

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

As noted, this action was filed on November 17, 2025. Dkt. 1. The amended complaint naming additional defendants was filed July 17, 2026. Dkt. 16. The statute of limitations for constitutional claims brought under 42 U.S.C. § 1983 in Indiana is two years. *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. The only allegations made against Nurse Jacobs and NP Johnson are that they screened Mr. Smith in July 2023, when he arrived at New Castle. These claims arose more than two years before the filing of this action. Therefore, all claims that Nurse Jacobs and NP Johnson violated his constitutional rights are **dismissed as untimely.** *See Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (at screening the district court may invoke an affirmative defense, such as the statute of limitations, if it is clear from the complaint that the defense applies.).

Liberally construing the amended complaint, claims of deliberate indifference to serious medical needs **shall proceed** against defendants Centurion, Ms. Runyan, Dr. Falconer; Dr. Rapport, and Dr. Carter.

This summary of claims includes all the viable claims identified by the Court. All other claims are dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 21, 2026,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment deliberate indifference claims against Centurion, Ms. Runyan, Dr. Eric Falconer; Dr. Steven Rapport, and Dr. Jason Carter. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Centurion, Ms. Runyan, Dr. Eric Falconer; Dr. Steven Rapport, and Dr. Jason Carter in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on July 17, 2026, dkt. [16], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Centurion Health of Indiana, LLC electronically.

Defendants Marrissa Runyan, Dr. Eric Falconer, Dr. Steven Rapport, and Dr. Jason Carter are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed *ex parte*.

The **clerk is directed** to **modify the docket** to reflect the following defendants: 1) Centurion Health of Indiana, LLC; 2) Marrissa Runyan, Health Services Administrator; 3) Dr. Eric Falconer; 4) Dr. Steven Rapport; and 5) Dr. Jason Carter.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/23/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Centurion
Marrissa Runyan
Dr. Eric Falconer
Dr. Steven Rapport
Dr. Jason Carter

VALONTE SMITH
278544
C/O Oscar Hill
7795 Vaughan Street
Detroit, MI 48228